In the Matter of the Application of THE SUNDAY TELEGRAM CORPORATION, Petitioner, for a Mandamus Order against THE BOARD OF SUPERVISORS OF THE COUNTY OF ALBANY, NEW YORK, Respondent.

Supreme Court, Albany County, January 10, 1929.

*Henry J. Crawford,* for the petitioner.

*Joseph L. Delaney,* for the respondent.

RUSSELL, J. The petitioner's newspaper was one of the two newspapers officially designated by the board of supervisors of the county of Albany to publish for said county during the year 1927 all concurrent resolutions of the Legislature required by law to be published, the notices issued by the Secretary of State and official canvass of said year, together with all other official notices required by law to be published in said county during said year and also to publish the acts passed by the board of supervisors for Albany county.

The petitioner's newspaper published all matters pursuant to said designation for the year 1927 and presented its claims to the board of supervisors, which said board audited by disallowing and rejecting each and all of said claims upon the ground that the claims for each and all of them were not valid and proper and legal claims against the county of Albany.

The respondent mainly relies upon two contentions for the rejection and disallowance of said claims, namely, that the board had no authority to designate a Sunday newspaper and the designation of a Sunday newspaper was illegal, and further upon the ground that the claims are for matters published which are in the nature of legal processes and, therefore, that the publication of the same is illegal because published in a Sunday newspaper.

The Legislature of the State is the supreme law-making power. The legislative power given to the board of supervisors is a delegated power. In regard to the subject-matter of this proceeding the intent of the Legislature is found in section 20 of the County Law (as amd. by Laws of 1921, chap. 467). It is important to note that this section after providing for the designation of newspapers by the two dominant political parties for the publication of matters contained in said section, provides: "If there shall be but one paper published in the county, then, in that case, such resolutions shall be published in that paper."

The question, therefore, arises if there were only one paper published in the county and that should be a Sunday paper, would it not be necessary under the law to publish in that paper and would not the publications be legal? I think they would.

Nowhere in the statutes providing for the designation of newspapers can there be found any discrimination between what is

commonly known as a daily paper and a Sunday paper. It is the duty of the court to construe the statute as it is and determine if possible the legislative intent. Obviously the Legislature never intended any such discrimination. This position it seems to me is greatly strengthened by section 333 of the General Business Law which provides that "All contracts or agreements of any nature made with the publishers or proprietors of any paper dated, published or issued on the first day of the week shall be as valid, legal and binding, as contracts made with newspapers dated or published on any other day of the week."

Therefore, concurrent resolutions, election notices, the official canvass and other matters authorized for publication in the official designation of the petitioner's newspaper are as valid when published in a Sunday newspaper as when published in a daily newspaper, provided such paper has been officially designated by the board of supervisors.

The people of the county of Albany are represented by their board of supervisors. One of the duties imposed by statute upon the board of supervisors is to designate official newspapers. When such designation has been properly made and accepted by the publisher it is in the nature of a contract. In this case there is no dispute as to the publications made by the petitioner and the value of such publications. The Sunday Telegram Corporation acted upon the request and with the sanction of the people of the county through its representatives. The law will not permit a board of supervisors to engage the services of a newspaper publisher, have publications made and then deny the right of the publisher to compensation for said publications made under its authority or take advantage of its own wrong even if the board exceeded its authority. It is elementary that services rendered and accepted must be paid for even though they are rendered under a contract which ultimately is inoperative. " Municipal corporations, like private corporations and persons, may be estopped by conduct to deny the validity of their contracts; and it is generally held, even where the action is brought on the contract, that a party thereto who has received benefits from the other party's performance is estopped from avoiding his liability thereunder on the ground of the invalidity of the contract for irregularity or want of authority." (44 C. J. 122.)

While it may not be open to debate whether or not a strictly judicial notice or process is properly given or served when published in a Sunday newspaper, except in a few statutory exceptions unnecessary to note, nevertheless, I think there is no question of the validity of the publication of a purely preliminary notice which is

to serve merely as a warning and which is not in any sense a process or a notice in an action or special proceeding.

It may with reasonable certainty be said that Sunday newspapers are more universally read than daily newspapers, because of the leisure of people on that day and the court may well take judicial notice of the fact that the circulation of prominent Sunday newspapers far exceeds that of any daily circulation. Obviously it was the intent of the Legislature to give preliminary notice to delinquent taxpayers, or in other words, a warning that their time for redemption under the law is limited.

It was conceded upon the argument that mandamus is the correct remedy in this matter. Findings of fact have been made upon the application for an alternative order of mandamus and all of the essential facts determined. It is, therefore, my conclusion that a peremptory order of mandamus should issue, with costs to the petitioner.

Submit order.